09-4836-ag
Manansang v. Holder

BIA
A077 562 706

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of July, two thousand ten.

PRESENT:
>        DEBRA ANN LIVINGSTON,
>        GERARD E. LYNCH,
>        DENNY CHIN,
>                *Circuit Judges*.

_____

JULIA MANANSANG,
>        *Petitioner*,

>        v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

09-4836-ag
NAC

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Anthony P. Nicastro, Senior Litigation Counsel; Andrew N. O'Malley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Julia Manansang, a native and citizen of Indonesia, seeks review of an October 30, 2009, order of the BIA denying her motion to reopen. *In re Julia Manansang*, No. A077 562 706 (B.I.A. Oct. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). Manansang's third motion to reopen, filed nearly six years after the BIA issued a final order, is indisputably untimely. However, the time limitation may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights throughout the period sought to be tolled. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).

The BIA did not abuse its discretion in finding that Manansang failed to exercise due diligence in pursuing her ineffective assistance of counsel claim. *See Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir. 2007); *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). Manansang asserts that her former attorney did not discuss her asylum application with her at the time of her hearing, and that she was not aware that she could move to reopen her proceedings based on her attorney's conduct. However, her ignorance of the law did not prevent her from recognizing that her previous attorney was ineffective during the period she wishes to have tolled. *See Rashid v. Mukasey*, 533 F.3d 127, 132 n.3 (2d Cir. 2008) (noting that an alien may reasonably become aware of ineffective counsel without consulting an attorney). Moreover, even if we were to accept Manansang's contention that she initially discovered her former attorney's ineffective assistance in 2008, she nevertheless failed to demonstrate that she exercised due diligence in pursuing her claim both *before* and after that discovery. *See id.* at 132. Thus, it was neither arbitrary nor capricious for the BIA to find that Manansang's nearly six-year delay in filing her motion to reopen did not exhibit the type of diligence required for equitable tolling. *See Ke Zhen Zhao v. U.S.*

*Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001); *Iavorski v. INS*, 232 F.3d 124, 129-34 (2d Cir. 2000) (holding that alien who took no action in the two years after discovering deficient performance failed to exercise due diligence).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk